**UNITED STATES of America,**
**Appellee,**

v.

**Jose LEON, Defendant–Appellant.**

No. 06–3737–cr.

United States Court of Appeals,
Second Circuit.

June 27, 2007.

Marc L. Greenwald (Nathaniel P.T. Read, William B. Adams, on the brief), Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, NY, for Defendant–Appellant.

David B. Massey, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Jose Leon was convicted, pursuant to a guilty plea, of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and § 846. The district court sentenced Leon principally to 30 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Leon argues that his role in the offense—which he characterizes as being a "delivery man"—was "so small [ ] both in relationship to his co-conspirator and to the average drug conspiracy" that the district court erred when it determined that, under United States Sentencing Guideline § 3B1.2, he was eligible for a 2–level reduction but not for a 3– or 4–level adjustment. This contention is unavailing.

We have repeatedly held that an individual who serves as a delivery man or courier is not necessarily entitled to even a minor role reduction, much less a reduction for playing a minimal role, because "[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds." *United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990) (per curiam); *see also United States v. Shonubi,* 998 F.2d 84, 90 (2d Cir.1993) ("A defendant's courier status does not entitle him automatically to the benefits of the minor and minimal role adjustments.").[1]

Given the facts of this case, however, it is not necessary to resolve whether Leon's conduct as a "delivery man" would on its own have been enough to deny him the 3– or 4–level role reduction he seeks. This so because Leon's claim that his role was only that of a "delivery man" whose "sole job was to deliver the heroin a mere twenty blocks from [co-defendant Wilson] Liranzo to the government informant" does not fully reflect the scope of Leon's relevant conduct. Leon was not an unwitting participant in the conspiracy, nor was he coerced into serving as a "delivery man." Rather, on the undisputed facts, Leon solicited the government informant for heroin business on repeated occasions. In addition, after his solicitations proved successful, Leon met with the government informant three additional times to work out arrangements for the transport of the heroin involved in the charged conspiracy. Furthermore, in one of Leon's conversations with the informant where Leon sought heroin business, Leon stated that he knew of someone who could press heroin into a board that could serve as the bottom of a suitcase, thereby making it easier to smuggle the drugs into the United States. He then said, "[i]n that kind of transaction they make the heroin nice and flat, real pretty. *Do you remember that load that came in the last time? It's that same kind of shit, man.*" (emphasis added).

These comments regarding previous heroin shipments indicate that Leon had prior experiences with drug transactions. That fact, as well as Leon's repeated solici-

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Leon claims that this circuit's cases addressing whether and when an individual who served as a "courier" in a drug transaction may receive a role reduction do not apply here because his role as a "delivery man" is different from serving as a "courier." But Second Circuit precedent makes clear that this court does not share Leon's understanding of what the "courier" role encompasses. *See, e.g., United States v. Garcia,* 920 F.2d 153 (2d Cir.1990) (per curiam) (treating the defendant as a courier when he transported drugs only a very short distance).

tations of the government informant for heroin business and his multiple meetings with that informant to arrange the transportation of the heroin, demonstrate that, although he was serving as a "delivery man" when arrested, "in the context of all the circumstances" Leon was "not substantially less culpable than the average participant" and thus was not entitled to a 3– or 4–point mitigating role adjustment. *Shonubi*, 998 F.2d at 90.

To the extent the defendant argues that he is entitled to a 3– or 4–level reduction because he played a lesser role than either the informant or Liranzo, that claim is meritless. We have repeatedly recognized that a minimal or minor role reduction is not available simply because the defendant played a lesser role than his co-conspirators. *See, e.g., United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir.2001); *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir.1999) (per curiam).

Finally, the question whether Leon should receive a minimal or minor role adjustment had little or no bearing on the sentence. The district court sentenced Leon considerably below the range that would have resulted from either adjustment, using the latitude afforded by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to impose what the district court considered to be the appropriate sentence, upon consideration of all the sentencing factors specified in 18 U.S.C. § 3553(a).

The judgment of the district court is therefore **AFFIRMED.**